IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY B. FISHER, *et al.*           *

       Plaintiffs,               *

   v.                                    *   CIVIL ACTION NO. ELH-16-3339

RHODA M. STANLEY, *et al.*            *
       Defendants.
                              *****

## **MEMORANDUM**

On October 5, 2016, pro se defendant Rhoda Stanley filed a Notice of Removal (ECF 1), seeking to remove to this Court foreclosure proceeding filed in the Circuit Court for Harford County, Maryland. That foreclosure case, *Fisher, et al. v. Stanley, et al,*. Case No. 12-C-13-003087, was initiated in State court on September 27, 2013. *See* ECF 1-3; ECF 6. A review of the state court docket shows that the substitute trustees, as plaintiffs, filed the foreclosure proceeding against August and Rhoda Stanley, in connection with a residential property located on Priestford Road in Churchville, Maryland.

On or about January 7, 2015, a certification of the publication of the foreclosure sale was entered on the state court docket. And, on September 22, 2016, Branch Banking and Trust Company ("BB&T"), as Movant, filed a motion for judgment awarding possession, pursuant to Maryland Rules 2-311 and 14-102. *See* ECF 2. BB&T asserts that it bought the Stanleys' property on Priestford Road at a foreclosure sale held on January 6, 2015. *Id.* ¶ 1. Further, that sale was ratified by the Circuit Court for Harford County on February 19, 2015. *Id.* ¶ 2.

The civil cover sheet completed by Ms. Stanley (ECF 1-1) indicates that Ms. Stanley relies on diversity jurisdiction under 28 U.S.C. § 1332 to support removal. However, the plaintiffs and

defendants all appear to be domiciled in Maryland. Ms. Stanley also asserts that the cause of action is based on "civil rights," although she did not check the box for federal question jurisdiction under 28 U.S.C. § 1331.

Because Ms. Stanley appears indigent, her motion for leave to proceed in forma pauperis (ECF 4) shall be granted. But, upon review of the materials and state court docket, I shall remand the case to the Circuit Court for Harford County.

## I. Discussion

In the Notice of Removal, Ms. Stanley complains of a violation of her due process rights and her right to equal protection. In particular, she maintains that "Plaintiff . . . seeks to evict Defendant from the real property," without legal basis. ECF 1 at 3. Moreover, she claims that "plaintiff is not a bona fide purchaser. . . ." *Id.* In addition, she states, *id.*: "Plaintiff, and plaintiff's attorney, are not proceeding in the manner required by the Code of Civil Procedure, and particularly the rules in evidence . . . ." ECF 1 at 3. She is clearly unhappy that "Plaintiff is now moving for judgment. . . even while Defendant was formerly in negotiations with Plaintiff." *Id.* She adds: "Plaintiff's counsel therefore has, in effect, used their knowledge of the law in attempting to prevent Defendant from fully and accurately presenting her case." *Id.* at 4.

Plaintiff ignores the long history of this foreclosure case. The Motion for Judgment Awarding Possession was filed in that case. *See* ECF 2.

Section 1441(a) of 28 U.S.C. provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Title 28 U.S.C. § 1447(c) provides:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

Generally, a case must be removed within 30 days of the receipt of the initial pleading by the defendants. 28 U.S.C. § 1446(b). Here, removal occurred more than three years after the action was initiated in state court.[1]

A civil action filed in state court may be removed to federal court if it is one over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). The burden of demonstrating jurisdiction and propriety of removal rests with the removing party. *Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811, 815 (4th Cir. 2004); *see also McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010); *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010). Thus, "[i]f a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

"Because removal jurisdiction raises significant federalism concerns, [courts] must strictly

---

[1] According to the state court docket, defendant was served with the foreclosure matter on or about November 1, 2013. Therefore, she did not file her notice of removal in a timely manner. *See* 28 U.S.C. § 1446(b).

construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941)). Indeed, a federal court "should construe removal statutes narrowly, [with] any doubts...resolved in favor of state court jurisdiction." *Barbour v. Int'l, Union,* 640 F.3d 599, 617 (4th Cir. 2011) (en banc) (abrogated in part on other grounds by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112–63, 125 Stat. 758 (Dec. 7, 2011)); *see also Cohn v. Charles*, 857 F.Supp.2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court.").

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). "[B]efore a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). And, of import here, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006).

Ms. Stanley does not present grounds for federal jurisdiction.

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," pursuant to 28 U.S.C. § 1331. When a case arises under this provision, it is removable without regard to the citizenship of the parties. *See* 28

4

U.S.C. §§ 1441(a)–(b).

Notably, "'[t]he presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (citation omitted). A defendant may assert "federal" or "ordinary" preemption "as a defense to the allegations in a plaintiff's complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). But, it is "settled law that a case may not be removed to federal court on the basis of a federal defense…even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393. Put another way, the "existence of a federal defense normally does not create statutory 'arising under' jurisdiction, and 'a defendant may not [generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case "arises under" federal law.'" *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004) (alteration and emphasis in original) (internal citations omitted).

It is also a hornbook principle of federal jurisdiction that "for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed…It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *See* 14 C. Wright & A. Miller, Federal Practice and Procedure § 3722, at 557; *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 326-27 (5th Cir. 1998); *Hermand v. Lincoln Nat'l Life Ins. Co.*, 842 F. Supp. 2d 851, 853 (D. Md. 2012); *Metropolitan Life Ins. Co. v. Balinas,* 2002 WL 1298774, at *3 (E.D. La. June 10, 2002).

The suit filed in the state circuit court concerned a foreclosure matter. There was no federal question presented in the state court matter when the case was filed. Defendant may not create

federal jurisdiction by "converting" the foreclosure matter into a federal question complaint in this court by making generalized statements regarding alleged improprieties involving the foreclosure process.  *See* ECF 1.  The federal district courts have no original jurisdiction over such foreclosure disputes.

Moreover, Ms. Stanley has failed to show that she is unable to enforce any federal rights in the state court.  *See Schaefgen v. O'Sullivan*, 2015 WL 4572238, *5 (D. Md. 2015).  Ordinarily, a party to a state court proceeding is able to raise objections in the state proceeding on the basis of applicable federal law or federal constitutional provisions. "'Under our system of dual sovereignty, . . . state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.'" *Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012) (quoting *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990)) (emphasis omitted). In addition, Maryland law provides for appellate review, of adverse decisions of a Maryland circuit court.  *See* Md. Code (2013 Repl. Vol.), § 12-301 of the Courts & Judicial Proceedings Article.

I turn to the claim of diversity jurisdiction.  Under 28 U.S.C. § 1332(a)(1), federal district courts also have subject matter jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." With exceptions not applicable here, diversity jurisdiction under § 1332 "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).  It is evident that, as to the substitute trustee plaintiffs and defendants, there is no diversity of citizenship.

## II. Conclusion

In light of the above, I conclude that this Court lacks federal question jurisdiction. Nor has Ms. Stanley adequately asserted diversity of citizenship as a basis for jurisdiction. *Lincoln Prop. Co. v.* Roche, 546 U.S. 81, 89 (2005) (citations omitted). Simply put, she has not met her burden to demonstrate that jurisdiction is proper in this Court.

The case shall be remanded, based on lack of jurisdiction.

An Order follows.

Dated: October 11, 2016                            /s/
                                                   Ellen L. Hollander
                                                   United States District Judge